Good morning. May it please the court. Melissa Pivko of Latham & Watkins. Pro bono counsel for petitioner Jay Lynn. I would like to reserve two minutes of my time for rebuttal. Is that better? A little bit better. You've got a clock in front of you. Just keep your eye on it and whenever you sit down it will stop ticking. Okay, thanks. By his motion to reopen, Lynn seeks a new hearing before an immigration judge on his asylum petition because he was denied a fair hearing due to the fundamental ineffective assistance of counsel he suffered in violation of his Fifth Amendment right to counsel and right to due process. Lynn's counsel failed to perform even the most basic requirements of counsel. Counsel, because time is short, why don't you skip to the substantive issue? The substantive issue is prejudice. If we have questions about the ineffectiveness, we can maybe take it up on rebuttal or we can ask you questions, but why don't you go skip to the substantive issue? The issue in this case is prejudice. The ineffective assistance of counsel Lynn suffered caused prejudice. The standard for prejudice in this case is that... Would he have, if he had a better lawyer and had all the things that you now say in your brief been in fact presented, would that likely have changed the outcome? That likely would have changed the outcome. Tell us why. The main piece of evidence that was missing is Lynn's former counsel did not present evidence of Lynn's mother's forced sterilization. Under section 101A42 of the INA, someone who has been forcibly sterilized is deemed persecuted on account of political opinion. Can you impute that? The statute is quite specific and has four categories of people that are covered. Your client was not subjected to forced sterilization, so you have to say that this per se persecution that's in the statute is imputed to him. That's correct, Your Honor. So what reasons are there to believe that that kind of persecution is imputable? The CYZ case decided by the Board of Immigration Appeals allows the spouse of a forcibly sterilized individual to claim the same persecution on account of political opinion. It's a little bit different for a spouse because a spouse is involved in the procreative process the way one would hope their son is not. So when you persecute the wife because of opposition or whatever the policy, this has an immediate and direct effect on the husband. But can you really extend it beyond that? Yes, Your Honor. In Chicago, an immigration judge in the Zoo case held that the child of a forcibly sterilized woman could step into his mother's shoes and claim the same persecution on account of his mother's political opinion. I'm sorry, this is a case of CYZ? Yes, Your Honor. It is in the record on page 258 of the record, Your Honor. And it basically applies the same logic as... And what's the status of that case? As far as my research indicates, that case is still good law. It was decided in immigration court in Chicago in 2000 under very similar facts. It's a little boy and his mother was forcibly sterilized. His mother remained in China, but the little boy came to the United States. And he argued that he should be able to claim that same imputed political opinion because he's in the same family unit. The mother is forcibly sterilized. The whole family is affected. And in Lynn's case, he was directly... It's a little hard to buy. I mean, the statute has a statutory imputation of persecution. It says if he gets sterilized, then we treat this as persecution on account of opposition to the policy. We sort of impute that you're persecuting him. It's sort of a little bit a leap of faith, but Congress can say anything it wants to. But how is that applicable to another member of the family? Well, the CYZ case, which is good law as well, a decision by the Board of Immigration Appeals, does impute the persecution to the spouse on the same sort of leap of faith. What was the date of that case? CYZ, the date of that case is 1997, June 4th, 1997. We have a case here that's stamp 2001. It says we have not extended the reach of that definition to other family members who have been impacted by the persecution. It was directed at spouses who have not themselves been subjected to or threatened with subjection to a forced abortion or involuntary sterilization. What do we do with that? The board indeed has not extended imputed political opinion to family members other than spouses, but there is a case at the immigration court level that did extend it to children. And the issue here is really that when... The board has not, but an immigration judge has? Yes. Similar to if a district court did something, but you hadn't ruled on that same thing yet. The board tells us something different, doesn't it? The board has not yet extended it. And so in this case, it wouldn't have made any difference if the forced sterilization of the mother had come in evidence, would it? Well, the issue that Lynn needs to prove is that it may have affected the outcome, and this immigration judge may very well have made the same decision that the immigration judge in Chicago made. And that is the burden that Lynn must prove. He does not need to prove that he would have been granted asylum. Is that trumped by the BIA statement here? The BIA statement, I believe you're reading from the decision on the merits in Lynn's case. The board didn't even have before it evidence of Lynn's mother's forced sterilization. This is a document stamped November 28, 2001. Yes. That is the direct appeal on the record of which was incomplete due to the ineffective assistance of Lynn's former counsel. And they didn't have before it information that the mother had been sterilized? No information at all, Your Honor. Saying even if we had it, it wouldn't accomplish anything because we haven't gone that far. But I think that's somewhat faulty logic in that they don't have it, so who's to say that if they did have it... They say we haven't extended this to other family members. They say. But if the immigration judge had had it and the immigration judge had ruled in Lynn's favor, that's basically all Lynn needs to prove is that it may have affected the outcome. May I reserve the rest of my time for rebuttal? Thank you. May it please the Court, Dan Goldman on behalf of the Respondent, Your Honor. In this case, the motion to reopen the earlier asylum decision was properly denied by the Board of Immigration Appeals, and for all of the reasons cited in the Board of Immigration Appeals decision, this Court should affirm that decision and dismiss the appeal.  There was the one piece of evidence that was not elicited by prior counsel regarding the forced sterilization, but that was a fact. It's a pretty big piece of evidence. Yes, Your Honor. It had an effect on his education. I mean, it sort of covers everything, doesn't it? Your Honor, it's certainly an important fact, but it is only a fact whereas the Board's decision made a finding of law, that the Board had not extended the imputed persecution to family members other than a spouse. So the question before this Court is, was that finding of law an error? We would argue that it was not. The exact language, though, is that we haven't extended, right? Yes, Your Honor. Not that we have examined that issue and held that it will not or cannot be extended. Can it be read as saying we just haven't addressed that yet? I don't think that's exactly a fair reading of it, Your Honor, because they've certainly considered the issue. They've arguably considered that issue in this case, but the Board of Immigration Appeals said we've not extended the law to cover that situation. And the specific fact, as important as it may be, of the forced sterilization, which was not elicited, as important as that fact may be, it still wouldn't change or would not have changed the finding of law. I found, though, there were other things that would go along with that forced sterilization. The family had to go into hiding. The child had to be placed with another family. There was a fine that was imposed. So there were a lot of other facts just beyond the forced sterilization which could have impacted the decision that the immigration judge made and that then would be reflected in the consideration by the board. So it's not just the fact we have not extended to forced sterilization as such. In response to that question, Your Honor, there were several facts in the many different versions of events that came out, starting with the airport interview of Mr. Linden going forward through the asylum application, the testimony, the motion to reopen, the amended motion to reopen. The facts that were presented to the authorities changed slightly. At one point he said he had to leave school because other kids were naughty and misbehaved. Later it's changed to the government was coming to get me. There's some very interesting comment on credibility in the Zoo case in respect to how you view the testimony of children and that they will give conflicting stories. They may not know the full truth. And so I don't place a lot of weight on what this child said in various different versions. It's a very interesting discussion of credibility. I'm sure you've read it in that Zoo case. Yes, Your Honor. And the only thing the government would offer in response would be to suggest that whether a child may, as discussed in that case, not always present everything. Certainly when someone is asked, why did you leave school, there's a marked difference between other children were naughty and misbehaved and the government came after me and forced me, and I chose to leave or was forced to leave, not to dispute what Your Honor said about the discussion in the Zoo case, but just to note that there is quite a difference between those two. It's not as if something were omitted and then it's produced later through new counsel's efforts. It's not as if I said, well, the child says, well, something happened five minutes before noon as opposed to five afternoon. It's a pretty significant difference in the story, and that's all that the government would note. But let's say that there is a pretty significant difference in the story. What does that buy you? Again, Your Honor, it comes back to the question of prejudice, and would the outcome have been changed? To me, in that case, you simply need a better lawyer to explain why you might have lied, why you may come out in this country and you might be afraid to say bad things about the government. So you might come up with an excuse. At some point, Your Honor. I was away from having been under a very oppressive regime, and you might just not feel like it's safe to. I don't know what the reasons are, but that's the kind of thing that one would think a good lawyer would point out. An adequate lawyer would point out to explain this inconsistency. So I guess I'm wondering, the inconsistency seems to me just points out the need for good representation, doesn't it? It doesn't really. It does, Your Honor, but I don't think it mitigates or reduces the importance for an alien to tell the truth. And with due respect to Your Honor's question regarding the logic or the discussion, rather, in the Zoo case, at the base level, there is the obligation to tell the truth. What's the status of the Zoo case? My understanding, Your Honor, is that was an unpublished opinion from an immigration judge. Was it reviewed? I don't know, Your Honor. I'm looking at the citation that was provided by the petitioner, and I would assume that it's up to date, and it does not indicate that it was pursued. I don't believe it was, but my understanding, as I said, is that it's an unpublished opinion. It's part of the administrative record. It is part of the administrative record, Your Honor, absolutely. Well, maybe it is, but if it's been overruled by the board, that's the way it goes. I think it hasn't. But you don't know, you don't have any idea of the subsequent history. I don't have any indication that it was overruled by the board. I do have, of course, the decision in this case which notes that the imputed persecution has not been extended to the child, and that's the holding, the finding of the law. If that just starts the question, what is the board really saying? I mean, is the board saying merely we haven't done it yet, and so it's an open question, or is it saying we haven't done it yet or we're not doing it now? I think perhaps a combination, Your Honor, and a little more. What it's saying is we have not, as Your Honor noted, we have not extended the law that far. Is it fair to surmise that we've never considered the issue? I don't think so, and I don't think it's even fair to say they didn't consider it. You have a case where the BIA has considered the issue and held that taking a look at the plain language of the statute and congressional intent and all the rest, that this is limited to the spouses involved and not to anybody else in the family? I believe we've cited cases roughly to that effect. I don't know the exact language, Your Honor, but we've cited those. Give me your best one. With the Court's indulgence, just a moment, Your Honor. I think actually in the CYZ case, Your Honor, I don't have the exact language of the case on the top of my head. Which is the one that's a matter of CYZ? Yes, Your Honor, and I believe we cited that in our brief. The petitioner cites the concurring opinion, but the board says it has recognized that this definition includes both the individual and the person's spouse, CYZ. Correct, Your Honor. And then also XPT. Yes, Your Honor. Well, I guess I'll have to take another look at those. Now, do you defend the representation, by the way? I mean, if anybody needs representation, it's a small child that doesn't even speak English who's just been smuggled into the country. It seems to me this representation was abysmal. I'm not going to stand here and make excuses for counsel's efforts in the case, but I'm also bound by the law, which says petitioner has to demonstrate prejudice. And in this case, to show prejudice, petitioner would have to show that the outcome would have been different. And under the holding, the finding of law from the board that imputed persecution, excuse me, hasn't been extended beyond the spouse, all of that evidence, including the board. Let's say that's, in fact, what the board held. Yes, Your Honor. So we view this as a ruling on the merits. How do you defend that? I'm sorry? How do you defend that? How do I defend that? Why is the board right on that? For some reason. If Congress has established a class of people who are deemed to be, per se, apply the normal imputation rules that we have as the family members. If we have established rules that if you are in a family where the dad is part of the guerrillas or suspected to be part of the guerrillas or is out fighting with the guerrillas, and then the family gets persecuted, we say you impute. By the government, we say, you know, it's easy to impute that the government is because they're trying to get at the dad. Why don't we take those fairly established rules and apply it to the statutory persecution? Your Honor, I see my time has expired. May I respond briefly? You must respond. Thank you, Your Honor. The answer is because this court is bound by the laws and the regulations as they're passed. And as you noted, the law is very clear that forced sterilization is a, per se, persecution. Is there any less susceptible to imputation than any other kind of persecution? All Congress has done is said, look, we're going to let you skip the first step, and that step is between the government's action and the connection to political opinion. If they do this, we're going to presume statutorily that it's because of opposition to the policy. In fact, you may not have opposition to policy. You may simply not like to be, you know, you might just want to have more children or have been in the wrong place at the wrong time or for whatever. You may have no opinion on the subject at all. And what Congress said, you skip that first step, but there are three tiers having been persecuted on account of an opinion. Yes, Your Honor. Why don't we at that point take having skipped the first step and apply our normal imputation rules, the normal rules that apply whenever a family member is deemed to be persecuted on account of, you know, one of the protected grounds were applied in various ways to members of his family. Your Honor, I hesitate. Why doesn't it apply here just as well? I hesitate to use words like slippery slope, but as was noted, the spouse has an interest in procreation. Presumably that's the individual, the spouse is the individual who's there, who's part of the process. But here the petitioner, who believes the story, and we have to believe the story for purposes of this appeal, says, look, my education was disrupted. The things that happened to me personally, I was prevented from living with my mother and father. I had to go live with grandparents. I believe you are. All of a sudden, because of what happened to Mom, they are now denying me an education unless we pay this money, which we can't afford. Why is this just a straight imputation, just like when the dad is out fighting with the guerrillas and the government says we're going to go after Mom and the kids? I'm just not sure why. There's two answers, I think, Your Honor. One good one is best, always. Well, I would offer two, Your Honor, in the hopes that we get through. One is, in this case, all of the factors that Your Honor cited, the board also said that this individual, Mr. Lin, the child, was not persecuted. So this is life was trashed, if you believe what he says. He was living with his family, and actually, you know, the family is nuked by the government. He's running for his life. He's living with his grandparents. There's fines against everybody. I understand that, Your Honor. And their values, boom, gone. I understand that, Your Honor. I'm just trying to respond to the question that, in this case, Your Honor. I think Judge Stratt was telling you your first answer wasn't persuasive. I would just suggest. Once you go through, it's a good thing you have a second answer. It is, Your Honor. I would, to amend that, to try and answer Judge Stratt's question, is that in this case, Your Honor, this case isn't the case for this Court to extend the rule. And the reason for that is the Board's finding that Mr. Lin was not persecuted. Now, to get to the second reason, it can become a slippery slope. When you've got a child, does the child have an interest? What about a sister-in-law? What about a potential grandmother who says, I want more than one grandchild? You can draw those lines very easily. I think that's, Your Honor, one difficulty in trying to extend it beyond simply the spouse. I just want to say to the government that this seems to be a case where there was terrible representation of a child. I would think that the government would be as interested in getting the true story as the Court is. That's all I have to say. Yes, Your Honor. Thank you. Thank you. I think you reserve some time. A minute and 12 seconds. It's all yours. This case really is about the ineffective assistance of counsel and resulting prejudice. In addition to the evidence of forced sterilization that was not presented, Lin was not able to present the real reason that he dropped out of school. The opinions below all say things about he couldn't afford the tuition, et cetera. Really, Lin testified that government officials came to the school looking for him, and from that day forward, he feared going back to school. You know how many cases I've had involving follow that woman? No, Your Honor. You know how much it costs to play the follow that woman game? You might want to look into that. Well, I know that if the child pays through smugglers, that then they work in sweatshops here, and luckily my client is in school being a productive kid. Anyway, the other evidence that he was not able to present was that he feared returning to China, and that wasn't even discussed on appeal because it wasn't presented below. Who wouldn't? I agree. It's a communist country. One would rather be in America. Even though my client is detained, he's doing very well here right now. Well, we're certainly very glad to hear that. Okay, I see my time is up. Thank you, counsel. Case is all yours. Thank you.
judges: B.fletcher, Kozinski, Trott